NO. 07-03-0452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 22, 2004

_____

JEFFERY THOMAS PARADISE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 411TH DISTRICT COURT OF POLK COUNTY;

NO. 17,149; HON. ROBERT HILL TRAPP, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Jeffery Thomas Paradise (appellant) appeals his conviction for indecency with a

child. The clerk's record was filed on October 27, 2003, and the reporter's record was filed

on December 1, 2003. Thus, appellant's brief was due on December 31, 2003. However,

one was not filed on that date. On January 9, 2004, this Court notified counsel for

appellant that neither the brief nor an extension of time to file appellant's brief had been

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

filed. Counsel for appellant was also admonished that if appellant did not respond to the court's letter by January 20, 2004, the appeal would be abated to the trial court. That date has passed, and appellant has not filed a brief or moved for an extension. Nor has he responded to the court's January 9th letter.

Consequently, we abate this appeal and remand the cause to the 411th District Court of Polk County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.     whether appellant desires to prosecute the appeal;

2.     whether appellant is indigent and entitled to appointed counsel; and,

3.     whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the

2

evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 23, 2004. Should additional time be needed to perform these tasks, the trial court may request same on or before February 23, 2004.

It is so ordered.

Per Curiam

Do not publish.